UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JEFFERY RHOADES, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) No. 20-1034-JDT-cgc |
| LEE MOORE, ET AL., | ) ) ) |
| Defendants. | ) |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 8, 2019, Plaintiff Jeffery Rhoades, a former inmate at the Mississippi County Jail in Luxora, Arkansas,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the U.S. District Court for the Eastern District of Arkansas. (ECF Nos. 1 & 2.) Subsequently, an order was issued by U.S. District Judge Kristine G. Baker transferring the case to this district. (ECF No. 5.) Following the transfer, the Court granted Rhoades leave to proceed *in forma pauperis*. (ECF No. 11.) The Clerk shall record the Defendants as Lee Moore, a Tennessee Circuit Court Judge for the 29th Judicial District;[2] Phillip Bivens, the former District Attorney General for the 29th Judicial

---

[1] On January 7, 2020, Rhoades notified the Court that he had been released from custody and provided his new address. (ECF No. 7.)

[2] The Twenty-Ninth Judicial District of Tennessee encompasses Dyer and Lake Counties.

District; Jim W. Horner, the former Public Defender; and Todd Taylor, an Assistant Public Defender.

Rhoades alleges that in 1996 he entered a guilty plea in Dyer County, Tennessee, to charges of burglary and theft over $1,000, for which he received a sentence of three years— six months in prison and the remainder to be served on probation. (ECF No. 2 at PageID 7.) The Tennessee probation was ordered to run concurrent with a sentence of probation in Arkansas. (*Id.*) Rhoades violated his Arkansas probation and ultimately served his sentence there in confinement; consequently, when he was released by Arkansas the remainder of his Tennessee of probation, which ran concurrent with the Arkansas sentence, also had been fully served. (*Id.*)

When Rhoades moved back to Dyersburg, Tennessee in 2002, he was arrested and jailed for violating his Tennessee probation. (*Id.*) He states he initially made bond, but it was revoked two weeks later, allegedly because the court said he had no ties; Rhoades contends this was false because his family was there. (*Id.*) While Rhoades was in jail, Defendant Bivens allegedly said that if Rhoades would pay restitution he and Defendant Moore would release him. (*Id.*) However, Rhoades did not have the money to pay restitution, so his probation was revoked and he was ordered to serve the entire original three-year sentence. (*Id.*) Defendant Taylor filed an appeal on Rhoades's behalf, and the Tennessee Court of Criminal Appeals ruled in Rhoades's favor and ordered him released.

---

*See* Tenn. Code Ann. § 16-2-506(29) (2018). *See also* www.tsc.tn.us/courts/circuit-criminal-chancery-courts/judges/russell-lee-oore-jr.

(*Id.* at PageID 7-8.)  Although he eventually was released, Rhoades states that he "sat in jail for 15 m[on]ths suffering clearly, every day." (*Id.* at PageID 8.)  He asks "that justice be done for pain [and] suffering[,] mental anguish, los[s] of wages . . . ." (*Id.*) (ellipsis in original).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)　is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)　seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Rhoades filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Rhoades does not allege any action at all by Defendant Horner. He also alleges no wrongdoing by Defendant Taylor, stating only that Taylor filed a successful appeal on Rhoades's behalf. When a complaint fails to allege any action or wrongdoing by a

Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Rhoades sues the Defendants in both their official and individual capacities. (ECF No. 1 at PageID 4.) Because all of the Defendants were, at the time, employed by the state, the official capacity claims are treated as claims against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Rhoades, however, does not state a valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

Nor may Rhoades sue Judge Moore in his individual capacity. Judges are absolutely immune from civil liability in the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). Rhoades alleges only that Judge Moore revoked his probation and ordered him to serve his entire three-year sentence. That action unquestionably is within the scope of Judge Moore's judicial function. Rhoades's claim against Judge Moore is, therefore, barred by judicial immunity.

The same goes for his claim against District Attorney General Bivens. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see Harris v. Bornhorst*, 513 F.3d 503, 509–10 (6th Cir. 2008) (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)) ("'The analytical key to prosecutorial immunity . . . is advocacy—whether the actions in question are those of an advocate.'"). Bivens's actions related to Rhoades's revocation of probation were taken in his traditional role as an advocate for the State. He therefore is immune from suit for those acts.

Rhoades's claims also fail because they are untimely. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Rhoades alleges he was wrongfully jailed for the probation violation in 2002, without providing an exact date, and then states that he was in jail for fifteen months. But even if he was jailed on the very last day of 2002, Rhoades would have been released fifteen months later, on or about March 31, 2004. That means he had until March, 31, 2005, to file a complaint about the allegedly wrongful incarceration. The present complaint was filed almost fifteen years too late.[3]

For these reasons, Rhoades has failed to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013)

---

[3] In *State v. Morgan*, No. W201600114CCAR3CD, 2016 WL 5643596, at *4 (Tenn. Crim. App. Sept. 29, 2016), the Tennessee Court of Criminal Appeals cited to the unreported Tennessee appellate opinion holding that Rhoades should be given credit on his Tennessee sentence for the time spent serving the concurrent Arkansas sentence. *See State v. Rhoades*, No. W2004-00154, CCA-R3-CD (Tenn. Crim. App. Dec. 15, 2004). Even if Rhoades was not released until after that decision became final sixty days later, *see* Tenn. R. App. P. 11(b), his complaint in this case still is untimely.

(per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case with prejudice in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), the Court must also consider whether an appeal by Rhoades in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED that an appeal in this case by Rhoades would not be taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Rhoades, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE